IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:95-CR-41-7H

| | |
|---|---|
| RANDOLF MOORE, ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on petitioner's Rule 60(b) motion, [DE #977], and letter/motion for discovery, [DE #983]. The government has not responded, and the time for further filings has expired. Petitioner has additionally filed a "Letter/Motion for Discovery," [DE #990], a motion to reduce his sentence, [DE #1020], and a motion to withdraw DE #1020, [DE #1054]. To the extent petitioner filed a letter inquiring as to the status of DE #990, [DE #1013], this letter is addressed by the contents herein. This matter is ripe for adjudication.

**A. Motion, [DE #983], and Letter/Motion for Discovery, [DE #990]**

In petitioner's motion for discovery, [DE #983], and letter/motion for discovery, [DE #990], he alleges prosecutorial misconduct and references the court's request for petitioner to provide good cause for his motion. [DE #971]. However, petitioner fails to show cause as to why his motion for discovery should now be granted. Therefore, this motion, [DE #983], is hereby DENIED.

**B. Motion to Withdraw DE #1020, [DE #1054]**

Upon request of the petitioner, the court GRANTS petitioner's motion to withdraw, [DE #1054], his motion to reduce his sentence, [DE #1020]. The clerk is directed to note on the docket that DE #1020 has been WITHDRAWN by petitioner.

**C. Rule 60(b) Motion, [DE #977]**

Federal Rule of Civil Procedure 60(b) is an extraordinary remedy that permits a court to "relieve a party … from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)). To do so, a party must demonstrate "exceptional circumstances" warrant granting the relief. Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). Additionally, the party seeking relief under Rule 60(b) "must make a threshold showing of timeliness, 'a meritorious claim or defense,' and lack of unfair prejudice to the opposing party." Coleman v. Jabe, 633 F. App'x. 119, 120 (4th Cir. 2016) (quoting Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011)). After a party satisfies this threshold showing, "he must proceed to satisfy one or more of the rules' six grounds for relief from judgment." Werner, 731 F.2d at 207. The six specific sections of Rule 60(b) are:

2

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

Petitioner claims that Rule 60(b)(6) provides him with relief from the court's dismissal of his untimely Section 2255 Motion. Specifically, he claims that the court should issue a certificate of appealability and appoint counsel. However, petitioner has failed to support this request. For lack of good cause shown, this motion, [DE #977], is hereby DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion for discovery, [DE #983], and motion pursuant to Rule 60(b), [DE #977], are hereby DENIED. Petitioner's motion to withdraw DE #1020, [DE #1054], is hereby GRANTED. The clerk is directed to note petitioner has withdrawn DE #1020.

This 18th day of December 2020.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#35